UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61646-CIV-COHN/SELTZER

BODYWELL NUTRITION, LLC, a Florida
limited liability company,

    Plaintiff,

v.

FORTRESS SYSTEMS, LLC, a Nebraska
limited liability company, d/b/a FSI Nutrition,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court upon Defendant Fortress Systems, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [DE 4] ("Motion to Dismiss or Transfer"). The Court has considered the Motion to Dismiss or Transfer, the Brief in Support of the Motion to Dismiss or Transfer [DE 5] and accompanying Declaration of Michael Carnazzo [DE 3], Plaintiff Bodywell Nutrition, LLC's Opposition [DE 9], Defendant's Reply [DE 11], Plaintiff's Surreply [DE 23] and accompanying Declarations of Augusto Vidaurreta [DE 24] and Tom Richardson [DE 25], as well as the record in this case, and is fully advised in the premises.

### I. BACKGROUND

Plaintiff Bodywell Nutrition, LLC is a sports nutrition and dietary supplement company. Compl. ¶ 7. Defendant Fortress Systems, LLC, d/b/a FSI Nutrition, is a dietary supplement manufacturing company with expertise in effervescent powders and formulations. Id. ¶ 14. In 2007, the parties entered into an agreement for Defendant to

manufacture Plaintiff's newest product, "First Order," a powder form drink which, when dissolved in liquid, would increase the consumer's energy and endurance. Id. ¶ 10. According to Plaintiff, the First Order that Defendant manufactured clumped together, turned hard, fused together, and eventually "became completely worthless." Id. ¶¶ 31, 32, 46, 53. As a result of this defective manufacture, Plaintiff alleges injury to its reputation and sales projections, loss of profits, and loss of consumers and distributors. Id. ¶¶ 46-48.

On August 2, 2010, Plaintiff brought this action in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, for breach of express warranty, breach of implied warranty for fitness for particular purpose, and breach of implied warranty of merchantability. See Compl. Thereafter, on September 7, 2010, Defendant filed its Notice of Removal [DE 1] to this Court based on diversity jurisdiction. Defendant then filed its Motion to Dismiss or Transfer on September 14, 2010, seeking either dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Motion to Dismiss

Defendant requests that the Court dismiss Plaintiff's Complaint for improper venue based on a forum selection clause contained in Defendant's Conditions of Sale document. According to Defendant, on May 7, 2007, before the parties entered into their First Order manufacturing contract, Defendant emailed Plaintiff several documents including Defendant's Conditions of Sale, Credit Application, Return of Goods Policy and Procedure, and Mutual Non-Disclosure and Non-Circumvention Agreement, among

others. Mot. at 2. The Conditions of Sale document contains the following provision, which provides the basis for Defendant's request for dismissal:

> 12. GOVERNING LAW: The Governing Law states that any disputes will be settled in the State of Nebraska.

Mot. Ex. A; Carnazzo Decl. ¶ 5-6. In opposing dismissal, Plaintiff argues that the forum selection clause is unenforceable first, because it is unsigned, and second, because it is ambiguous. As discussed below, because the Court agrees that the clause is unenforceable due to the fact that it is unsigned, the Court does not reach the issue of whether the clause is ambiguous.

A motion to dismiss based on a forum selection clause is cognizable as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998); see also Fed. R. Civ. P. 12(b)(3). When parties dispute the validity of a forum selection clause, general contract law governs. See P & S Bus. Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003). In Florida,[1] general contract law provides that "[m]utual assent is an absolute condition precedent to the formation of the contract. Absent mutual assent, neither the contract nor any of its provisions come into existence." Gibson v. Courtois, 539 So. 2d 459, 460 (Fla. 1989).

The parties in this case dispute the validity of the forum selection clause in the

---

[1] The Court applies Florida law because "a federal district court sitting in diversity must apply the choice of law rules of the forum state." Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996); see also Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Neither party has suggested looking to the laws of any state other than Florida to resolve the Motion to Dismiss.

Conditions of Sale. Though the record is clear that there was mutual assent as to the Mutual Non-Disclosure and Non-Circumvention Agreement and the Credit Application, see Mot. Exs. B, D; Opp'n at 3; Mot. ¶¶ 6-7, it is not clear that there was such agreement on the Conditions of Sale. The parties never signed the Conditions of Sale, see Mot. Ex. A (no signatures), and none of the signed documents incorporate the Conditions of Sale by reference, see Mot. Exs. B, C, D. As Plaintiff states in its Opposition, "the documents on their face do not show any connection with each other, there being, for example, no indication in the signed Non-Disclosure Agreement that it incorporates by reference the provisions of the unsigned Conditions of Sale." Opp'n at 3. Defendant's Reply does not contend that the Conditions of Sale document was ever incorporated by reference, see Reply, and there is no indication on the record that the parties' contract for the manufacture of First Order incorporated the Conditions of Sale. Similar to General Impact Glass & Windows Corp. v. Rollac Shutter of Texas, Inc., 8 So. 3d 1165, 1167 (Fla. Dist. Ct. App. 2009), where an arbitration agreement was not enforceable when it was contained in a separate and unsigned terms and conditions document that was never expressly incorporated into or attached to any of the documents forming the parties' contract, the forum selection clause in the unsigned and separate Conditions of Sale document in this case is not enforceable either. See id. (citing Affinity Internet, Inc. v. Consol. Credit Counseling Servs., Inc., 920 So. 2d 1286, 1288 (Fla. Dist. Ct. App. 2006) (holding that incorporation by reference requires the expression of an intent to be bound by a collateral document)).

Courts in the Eleventh Circuit have enforced forum selection clauses against non-signatories, but only when the non-signatories were somehow closely related to

4

parties that did sign documents containing the clauses. Compare Lipcon, 148 F.3d at 1299 (binding non-signatory who was so closely related to the dispute that it was foreseeable the party would be bound), XR Co. v. Block & Balestri, P.C., 44 F. Supp. 2d 1296, 1301 (S.D. Fla. 1999) (binding non-signatory individual who signed on behalf of his company when individual was the sole and controlling shareholder of the company), and Smith v. Prof'l Claims,Inc., 19 F. Supp. 2d 1276, 1282 (M.D. Ala. 1998) (binding non-signatory who was so closely related to the dispute and to the signatory that she asserted all the same facts and theories of relief as the signatory), with E-One, Inc. v. R. Cushman & Assoc., Inc., 2006 WL 2599130, at *13 (M.D. Fla. May 15, 2006) (not binding non-signatory whose claims were not "completely derivative" of signatory's claims); Performance Paint Yacht Refinishing v. Haines, 190 F.R.D. 699, 702 (S.D. Fla. 1999) (not binding non-signatories who "derive no rights from the forum selection clause in [someone else's] contract and therefore cannot rely up it as the basis for their motion to dismiss.").[2] Even in one case where several documents containing a venue clause were signed, but the signatories had no authority to bind the plaintiff, a Florida court refused to enforce the clause against the plaintiff. See Cross-Valente Constr.,

---

[2] The parties also dispute the significance of International Star Registry v. Omnipoint, 510 F. Supp. 2d 1015 (S.D. Fla. 2007). International Star did not fully address the issue presented in this case: whether an unsigned forum selection clause binds a party. Rather, in the process of determining the correct choice of law to apply in a Rule 12(b)(6) motion to dismiss, the case addressed an Illinois court's decision to transfer the case to Florida. See id. at 1021 (discussing Int'l Star Registry v. Omnipoint, No. 05 C 6923, 2006 WL 2598056 (N.D. Ill. Sept. 6, 2006)). The Illinois court found that a forum selection clause was incorporated by reference into signed invoices, and that the unsigned invoices did not constitute contracts. As applied to this case, the Illinois court's decision supports the finding that the forum selection clause in the Conditions of Sale does not bind Plaintiff because it is neither signed nor incorporated by reference into a signed document.

Inc. v. Pinellas Indus., Inc., 479 So. 2d 258, 260 (Fla. Dist. Ct. App. 1985). Here, neither Plaintiff nor anyone with or without authority to bind Plaintiff signed the Conditions of Sale. Thus, there can be no argument that Plaintiff is somehow related to a signatory, let alone that Plaintiff is sufficiently related to be bound by that party's signature.

Furthermore, the Mutual Non-Disclosure and Non-Circumvention Agreement that Plaintiff signed actually contains a clause specifically not limiting Defendant's choice of venue to any forum in the event that Defendant sues Plaintiff: "in the event of a violation of this Agreement by Bodywell LLC, FSI Nutrition shall be entitled to obtain from *any court* of competent jurisdiction preliminary and permanent injunctive relief as well as an equitable accounting of all profits or benefits arising out of such violation." Mot. Ex. D ¶ 4.01 (emphasis added). As in Ward v. Kerzner International Hotels Ltd., No. 03-23087-CIV-JORDAN, 2005 WL 2456191, at \*\*6-7 (S.D. Fla. March 30, 2005), where the court refused to dismiss the case based on an unsigned forum selection clause when the plaintiff signed one forum selection clause but not the other, this Court also cannot dismiss this case based on the unsigned clause contained in the Conditions of Sale. Defendant here, like the defendants in Ward, has provided no authority requiring enforcement of an unsigned forum selection clause. 2005 WL 2456191, at \*6. Rather, the caselaw demonstrates that the Court need not enforce an unsigned clause. See *supra*. The unsigned forum selection clause is simply not binding. See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1223 (10th Cir. 2000) ("The documents are virtually irrelevant in their unsigned form and are insufficient to

constitute binding forum selection . . . provisions.").[3] Accordingly, the Court will not dismiss this case based on improper venue.

### B. Motion to Transfer Venue

As an alternative to dismissal, Defendant requests that the Court transfer this action to the United States District Court for the District of Nebraska. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case to any other district where it could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether to transfer a case to another venue, courts rely on a number of factors including: (1) the plaintiff's choice of forum;

---

[3] In its Reply, Defendant argues that a signature is not required in this case because of the "merchant exception" to Florida's Statute of Frauds contained in Florida's Uniform Commercial Code ("U.C.C."). Reply at 2. Florida's Statute of Frauds provides that oral agreements for the sale of goods for $500 or more are unenforceable unless the parties are merchants, a written memorandum "in confirmation of the contract" and containing the contract's essential terms, including quantity, is sent within a reasonable time, and no notice of objection is received within 10 days of receiving the memorandum (the "merchant exception"). Fla. Stat. §§ 672.201(1), (2), 672.104(1), (3). This merchant exception merely prevents a party from raising the statute of frauds as a defense though, and even if there is a sufficient written memorandum, the party arguing in favor of the merchant exception still must "sustain the burden of persuading the trier of fact that the contracts were in fact made orally prior to the written confirmation." Khoshnou v. Paine, Webber, Jackson & Curtis, Inc., 525 So. 2d 977, 979 (Fla. Dist. Ct. App. 1988) (citing Harry Rubin & Sons, Inc. v. Consol. Pipe Co. of Am., Inc., 153 A.2d 472 (Pa. 1959), discussing Pennsylvania's merchant exception, which is identical to Florida's).

Here, Defendant sent the Conditions of Sale to Plaintiff and did not receive a notice of objection within 10 days, but neither party contends that there was an oral agreement regarding the Conditions of Sale or the venue clause contained therein. See Fla. Stat. § 672.201(1), (2); Gulf Coast Produce, Inc. v. Am. Growers, Inc., No. 07-80633-CIV, 2010 WL 1410558, at *4 (S.D. Fla. March 31, 2010). Neither party argues against the existence of a separate contract for the sale of goods. See Surreply at 1. Rather, this dispute centers around whether the Conditions of Sale and the venue clause included in that document constitute a binding contract based on the document that Defendant sent via email and that neither party ever signed or discussed orally. Accordingly, Fla. Stat. § 672.201(2) is irrelevant to the instant dispute.

7

(2) the convenience of the parties; (3) the convenience of the witnesses, and availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing forum; and (6) trial efficiency and expense to the justice system. Gould v. Nat'l Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998); see also § 1404(a). When the parties have agreed on a valid forum selection clause, the party opposing the clause's enforcement bears the burden of demonstrating that the selected forum is sufficiently inconvenient to justify retention of the dispute in Plaintiff's chosen forum. In re Ricoh Corp., 870 F.2d at 573; see also P&S Bus, 331 F.3d 804. But without a valid forum selection clause, courts afford deference to the plaintiff's choice of forum. See, e.g., Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). As discussed above, the Court has found that there is no valid forum selection clause governing this dispute. Therefore, Defendant bears the burden of proving that Plaintiff's choice of forum is so clearly outweighed by other considerations that the Court should transfer this action to Nebraska.

Plaintiff's choice of forum is Florida. Plaintiff is a Florida company, so presumably Florida is more convenient for Plaintiff. Retention of the case in this Court is in the interest of efficiency and expense to the justice system because this Court is already familiar with the facts of the case and the parties have already begun litigation here. Neither party has suggested it cannot bear the expense of changing forums though, and Nebraska might be more convenient for Defendant as Defendant is a Nebraska company. Furthermore, Defendant states that there are documents and

witnesses located in Nebraska. Mot. at 8. Nevertheless, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations," Robinson, 74 F.3d at 260. As Defendant has not demonstrated that Plaintiff's choice of Florida is clearly outweighed here, the Court will not transfer this case to the District of Nebraska.

### III. CONCLUSION

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Fortress Systems, LLC's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [DE 4] is **DENIED**;

2. Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss [DE 20] is **DENIED as moot**;

3. Defendant's Motion for Protective Order [DE33] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5TH day of January, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF