UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61646-CIV-COHN/SELTZER

BODYWELL NUTRITION, LLC,
a Florida limited liability company,

      Plaintiff,

vs.

FORTRESS SYSTEMS, LLC,
a Nebraska limited liability company,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Bodywell's Motion for Proceedings Supplementary and to Implead James River (DE 62), Bodywell's Motion for Entry of Rule Nisi to Establish Liability of James River (DE 64), and James River's Motion to Strike Bodywell's Insurance-Related Motions (DE 76). These matters were referred to the undersigned Magistrate Judge pursuant to U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

## BACKGROUND

Bodywell Nutrition, LLC ("Bodywell") brought this action against Fortress Systems, LLC, d/b/a FSI Nutrition ("FSI").[1]  The three-count Complaint alleged that Bodywell, a

---

[1]  Bodywell originally filed the action in the 17th Judicial Circuit in and for Broward County, Florida.  FSI removed the case to this Court on the basis of diversity jurisdiction.

nutrition and dietary supplement company retained FSI to manufacture a drink in a powdered form, which was to be soluble in liquid.  Bodywell marketed the product to vendors/distributors such as Vitamin Shop and GNC.  According to the original Complaint, the product was defective because the powder clumped and fused together and became insoluble.  The Complaint asserted claims for breach of express warranty (Count I), breach of implied warranty for fitness for a particular purpose (Count II) and breach of implied warranty of merchantability (Count III).  FSI filed a counterclaim for breach of contract, alleging Bodywell failed to pay certain monies owed.  Thereafter, Bodywell amended its Complaint to add an additional claim for negligent shipping/transport of the First Order product by FSI's subcontractors (Count IV).   Count IV alleged that the product as manufactured by FSI was not defective; rather, contrary to the label instructions, FSI's shippers failed to use reasonable care and shipped the product in a manner that failed to preserve the product's integrity.[2]

Throughout the relevant period, FSI had a commercial general liability policy with James River Insurance Company ("James River") with a policy limit of $5 million.  According to Bodywell, before the litigation commenced and again upon the filing of Bodywell's Complaint, FSI notified James River of Bodywell's claim; James River, however, refused to defend FSI and denied coverage under the policy.   Upon the filing of the Amended Complaint, Bodywell made a written settlement offer to FSI for $5 million (the policy limit).  FSI forwarded the settlement offer to James River, who did not respond.  Bodywell represents that (after the settlement offer had expired) James River again

---

[2] James Rivers contends that Bodywell added this claim only to plead into coverage under the policy.

refused to defend FSI and again denied coverage.

Subsequently, on March 4, 2011, Bodywell and FSI entered into a settlement agreement, whereby they agreed that: (1) they would file a stipulation of settlement and joint motion for entry of final judgment requesting that the Court enter a final judgment in favor of Bodywell and against FSI only on Count IV in the amount of $10,450,000; (2) Bodywell would dismiss with prejudice the claims against FSI asserted in Counts I, II, and III and FSI would dismiss its counterclaim; and (3) FSI would assign its right to pursue its claim under the James River policy to Bodywell.  According to the settlement agreement, if by 5:00 p.m. on March 8, 2011, James River either accepted the defense of FSI and agreed to provide coverage or agreed to pay Bodywell the $5 million policy limits, then the settlement agreement would be null and void and of no legal effect.

The same day that the parties executed the settlement agreement, FSI informed James River of the agreement and outlined its terms; it requested that James River reevaluate its denial of coverage and agree to defend FSI in this litigation, in which case the settlement agreement would be invalidated.  On March 8, 2011, James River offered to provide FSI with a defense but reserved its right to dispute coverage.  On March 8, 2011, and again on March 10, 2011, FSI informed James River that its offer to provide a defense under reservation of rights was insufficient to invalidate the settlement offer (which invalidation was contingent on both defense and coverage) and that the settlement agreement, therefore, was binding and final.

On March 14, 2011, Bodywell and FSI filed their Settlement Agreement under seal. And on March 17, 2011, they filed their Stipulation of Settlement.

On March 15, 2011, James River filed a Complaint for Declaratory Relief

("Declaratory Judgment Action") against FSI and Bodywell, requesting that the Court find that based on certain exclusions contained in the policy James River has no obligation to defend or to indemnify FSI against the allegations asserted by Bodywell in this litigation. The Declaratory Judgment Action is now pending before District Judge James I. Cohn. See James River Insurance Company v. Fortress Systems, LLC and Bodywell Nutrition, LLC, Case No. 11-cv-60558-Cohn/Seltzer.

On March 18, 2011, the District Court approved Bodywell and FSI's settlement agreement and, consistent therewith, the Court dismissed with prejudice Counts I, II, and III of the Amended Complaint and FSI's Counterclaim, and it entered final judgment on Count IV (negligent shipping/transport) in favor of Bodywell and against FSI in the amount $10,450,000.[3]  The District Court also reserved jurisdiction "for the purpose of enforcing the Settlement Agreement, and for such other proceedings that are consistent herewith." March 18, 2011 Order ¶ 9 (DE 59).

Approximately one month after James River filed the Declaratory Judgment Action regarding the coverage issue, Bodywell filed in this action the instant Motion for Proceedings Supplementary and to Implead James River (DE 62) and the instant Motion for Entry of Rule Nisi to Establish Liability of James River (DE 64).  Thereafter, the undersigned permitted James River to intervene herein for the limited purpose of moving to strike Bodywell's pending motions. See Order (DE 75).  And on September 19, 2011, James River filed the instant Motion to Strike Bodywell's Insurance-Related Motions (DE

_____

[3]  FSI has agreed to pay to Bodywell $450,000 of the judgment amount, and Bodywell has agreed not to seek collection of any additional amount from FSI. In exchange, FSI has  assigned to Bodywell its rights to pursue the remaining $10,000,000 against James River.

4

76).[4]

The sole issue now before the Court is whether the insurance coverage dispute should be decided in proceedings supplementary in this action or in the separate Declaratory Judgment Action filed by James River.   The parties agree that the issues in the two proceedings are identical.

PENDING MOTIONS

Bodywell seeks an order instituting proceedings supplementary in aid of execution and impleading James River, pursuant to Federal Rule of Civil Procedure 69 and Florida Statute § 56.29.[5]   Rule 69(a) provides that procedures in post-judgment proceedings supplementary "must accord with the procedure of the state where the court is located," to the extent not preempted by federal law.   See Fed. R. Civ. P. 69(a); Allied Indus. Int'l Inc. v. AGFA-Gavaert, Inc., 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (Atkins, J.). Proceedings supplementary are a procedural mechanism that provides a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment and are governed by Fla. Stat. § 56.29.   Office Building, LLC v. Castlerock Security, Inc., No. 10-61582-Civ, 2011 WL 1674963, at *2 (S.D. Fla. May 31, 2011) (Leonard, J.).   Under § 56.29, a judgment creditor may implead third parties to expeditiously discover a judgment debtor's assets and subject them to "a speedy and direct

---

[4]  Bodywell and FSI have responded to James River's Motion to Strike (DE 77), and James River has replied thereto (DE 78).

[5]  Bodywell has also filed a Motion for Entry of Rule Nisi to Establish Liability of James River (DE 64).   Should the District Court decide to strike Bodywell's Motion for Proceedings Supplementary and to Implead James River (DE 62), it should also strike the Motion for Entry of Rule Nisi.

proceeding in the same court in which the judgment was recovered." Id. (quoting ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (Torres, M.J.) (quoting Regent Bank v. Woodcock, 636 So.2d 885, 886 (Fla. 4th DCA 1994)) (emphasis omitted). The court may "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(5).

"Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them." ABM Fin. Servs., 2011 WL 915669, at *2. "Such impleading does not in itself establish liability on the part of the impleaded third parties. Rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process." Id.; see also Ortiz v. Santuli Corp., No. 08-20218-CIV, 2010 WL 2926517, at *1 (S.D. Fla. July 23, 2010) (Simonton, M.J.) ("Impleading those persons whose interests may be affected by the Court's rulings is necessary both to acquire jurisdiction over them and to afford due process.") (quoting Mission Bay Campland, Inc. v. Summer Fin. Corp., 71 F.R.D. 432, 434 (M.D. Fla. 1976)). Once impleaded, the third-party "must appear before the Court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment." Castlerock Security, 2011 WL 1674963, at *3.

"Florida courts have developed two jurisdictional prerequisites for supplementary proceedings under § 56.29: (1) an unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to be impleaded." Id. at *2 (citing Bleidt v. Lobato, 664 So.2d 1074, 1075 (Fla. 5th DCA 1995) and Wieczoreck v. H

& H Builders, Inc., 450 So.2d 867, 871 (5th DCA 1984)).   A judgment debtor is not required to make a prima facie showing that the third party holds assets subject to a judgment prior to impleading that party.  Id.  Here, Bodywell has submitted the affidavit of its counsel, Steven Pardo, who avers that Bodywell holds a judgment against FSI in the principal sum of $10,450,000, which has been recorded in the public records of Broward County, Florida and that execution has been issued, is valid, and remains outstanding and unsatisfied.  Hence, Bodywell has met § 56.29's requirements for instituting proceedings supplementary.

Typically, however, (unlike the instant case), the judgment creditor seeks to implead a third party to whom the judgment debtor has (allegedly) transferred its assets or to implead a third party who (allegedly) is the alter ego of the judgment debtor.  But Bodywell does cite one early Florida District Court of Appeal case that held that a court has the authority to implead a judgment debtor's liability insurance company as a third party defendant in proceedings supplementary, ruling that the insurance proceeds are property of the judgment debtor.  See Gen. Guaranty Ins. Co. of Florida v. DaCosta, 190 So. 2d 211, 214 (Fla. 3rd DCA 1966).[6]  The undersigned's research has found only one other

---

[6] James River notes that the DaCosta case was decided 24 years before Florida's Non-Joinder statute, Fla. Stat. § 627.4136, was amended to include subsection (4). Subsection (4) provides:

> At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by motion of any party, unless the insurer denied coverage under the provisions of § 627.426(2) or defended under a reservation of rights pursuant to § 627.426(2).

Fla. Stat. 627.4136(4) (emphasis added).  James River argues the non-joinder statute bars

reported case in which a judgment debtor's insurer was impleaded in proceedings supplementary under Fla. Stat. § 56.29 in the 45 years since <u>DaCosta</u> was decided. <u>See</u> <u>Ferguson v. Goodley</u>, 213 So.2d 495 (Fla. 4th DCA 1968).[7]

James River moves the Court to strike both Bodywell's Motion for Proceedings Supplementary and to Implead James River (DE 62) and its Motion for Entry of Rule Nisi to Establish Liability of James River (DE 64); it requests that the Court then decide the insurance coverage issue in the Declaratory Judgment Action. James River first argues that the under the "first-filed rule," the Declaratory Judgment Action is the appropriate forum. The first-filed rule applies when opposing parties have filed separate actions involving overlapping issues and parties; a strong presumption exists favoring litigating the issues in the forum of the first-filed action. <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir.2005) (citing <u>United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.</u>, 920 F.2d 487, 488 (8th Cir.1990) (describing the first-filed rule as "well-established") and <u>Church of Scientology of Cal. v. United States Dep't of Defense</u>, 611 F.2d 738, 750 (9th Cir.1979) (noting that the first-filed rule "should not be disregarded lightly")); <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu</u>, 675 F.2d 1169, 1173-74 (11th Cir.1982). The party objecting to jurisdiction in the first-filed forum bears the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. <u>Manuel</u>, 430 F.3d at 1135.

---

Bodywell's attempt to implead James River herein. Bodywell counters that the non-joinder statute applies only "at the time a judgment is entered"; it contends that it does not seek to join James River to the judgment. As James River has summarily raised this argument in a footnote, the undersigned declines to now decide the issue.

[7]   The undersigned notes that neither of these two cases addressed whether proceedings supplementary to consider insurance coverage are appropriate where a separate declaratory judgment action with respect to the coverage issue is already pending.

The first-filed rule technically applies where two cases are filed in separate federal courts. Here, both the Declaratory Judgment Action and Bodywell's Motion for Proceedings Supplementary have been filed in this District and both are pending before the same District Judge.  However, the purpose of the first-filed rule – to avoid inconsistent verdicts – would be served by nevertheless applying the first-filed rule herein.

Both parties contend that the first-filed rule inures to its benefit.  James River argues that the Declaratory Judgment Action was filed more than 30 days before Bodywell sought to commence proceedings supplementary and, therefore, it was the first-filed action. Bodywell counters this litigation was commenced 7 months before James River filed its Declaratory Judgment Action and, hence, this is the first-filed action as proceedings supplementary are not deemed separate actions.  See Mystique, Inc. v. 138 Int'l Inc., Nos. 07-22934-CIV, 10-21421-CIV, 2010 WL 3008809, at *4 (S.D. Fla. July 28, 2010) ("Proceedings supplementary are not independent causes of action but are post-judment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists.").  But the sole issue now before the Court – insurance coverage – was first raised by James River in the Declaratory Judgment Action.  The undersigned, therefore, believes that the Declaratory Action should be deemed the first-filed action.  Bodywell has failed to identify any compelling reason for trying the insurance coverage issue in post-judgment proceedings supplementary rather than in the pending Declaratory Judgment Action.

James River next argues that Bodywell's primary reason for trying the coverage action in proceedings supplementary – efficiency – is simply an attempt to evade discovery

and federal disclosures requirements.[8]  James River additionally argues that "Bodywell's 'efficiency' argument is flawed because the parties are already heavily invested in the coverage action."  Reply at 3 (DE 78).  It explains that there have been over 26 docket entries in the Declaratory Judgment Action, including Bodywell's answer and affirmative defenses, corporate disclosure statement, joint scheduling reports, and Bodywell's motion to expedite discovery.  Additionally, Bodywell has propounded extensive discovery to which James River has responded.

Bodywell argues that James River's "fears are illusory."  It contends that in proceedings supplementary James River "will have full opportunity to conduct discovery, present witnesses, and move for summary judgment on the coverage and liability issues if appropriate."  Bodywell's Opposition at 2 (DE 77).  Despite Bodywell's assertion, the parties have not cited (and the undersigned's own research has not found) any authority expressly ruling that the Federal Rules of Civil Procedure apply as a matter of right in proceedings supplementary.   The full panoply of tools (including Rule 26 initial disclosures), however, are without question applicable in the pending Declaratory Judgment Action.   James River finally argues that were the Court to grant Bodywell's motions it would transform coverage litigation in Florida; it explains:

> To be sure declaratory judgment actions regarding coverage would be rendered meaningless because the very moment a final judgment is entered in an underlying case, the underlying plaintiff will inevitable move to implead the defendant's insurer and file a rule nisi to have coverage determined in that action.

---

[8]   James River contends that the Rule 26 initial disclosures in this case are extensive and essential to its ability to develop its case.  It explains that "[a]s in most coverage litigation, the claimant/insured has a significant advantage over the insurer since they are intimately familiar with the underlying facts having actively participated in this litigation."  Reply n.1 at 2 (DE 78).

10

> In effect, the pending coverage action would be abruptly
> dissolved, which is exactly what Bodywell advocates here.  Not
> only does this outcome violate basic notions of fairness, it is
> directly contrary to well-established precedent that an insurer
> acts in good faith by expeditiously filing a declaratory judgment
> action to resolve coverage disputes.

Reply at 2 (DE 78) (citing <u>Higgins v. State Farm Fire & Cas. Co</u>, 894 So. 2d 5, 15 (Fla.

2004)).  The undersigned agrees.

Accordingly, given the paucity of cases considering insurance coverage in

proceedings supplementary and given that the insurance coverage issue was first raised

in the Declaratory Judgment Action, the undersigned RECOMMENDS that the District

Court GRANT James River's Motion to Strike Bodywell's Insurance-Related Motions (DE

76) and STRIKE Bodywell's Motion for Proceedings Supplementary and to Implead James

River (DE 62) and Bodywell's Motion for Entry of Rule Nisi to Establish Liability of James

River (DE 64), and decide the issue of insurance coverage in the Declaratory Judgment

Action filed by James River.

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendation within which to file written objections, if any, with the

Honorable James C. Cohn, United States District Judge.  Failure to file objections timely

shall bar the parties from a *de novo* determination by the District Judge of an issue covered

in the report and shall bar the parties from attacking on appeal factual findings accepted

or adopted by the District Judge except upon grounds of plain error or manifest injustice.

See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson,

885 F.2d 790, 794 (1989).

      DONE AND SUBMITTED in Fort Lauderdale, Florida, this 12th day of December

2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record