UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61646-CIV-COHN/SELTZER

BODYWELL NUTRITION, LLC, a Florida
limited liability company,

      Plaintiff,

v.

FORTRESS SYSTEMS, LLC, a Nebraska
limited liability company, d/b/a FSI Nutrition,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 79] ("Report") filed by United States Magistrate Judge Barry S. Seltzer regarding Bodywell Nutrition, LLC's ("Bodywell's") Motion for Proceedings Supplementary and to Implead James River [DE 62], Bodywell's Motion for Entry of Rule Nisi to Establish Liability of James River [DE 64], and James River Insurance Company's ("James River's") Motion to Strike Bodywell's Insurance-Related Motions [DE 76]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Report, the applicable motions, Bodywell's Objections to the Report [DE 80], James River's Response to the Objections [DE 83], Bodywell's Reply to the Response [DE 84], and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 2, 2010, Bodywell filed this action against Defendant Fortress Systems, LLC ("FSI") in the Circuit Court of the Seventeenth Judicial Circuit, Broward

County, Florida.  See Complaint [DE 1-1 at 4-17].  Thereafter, on September 7, 2010, FSI removed the case to this Court based on diversity jurisdiction.  See Notice of Removal [DE 1].

Bodywell, a sports nutrition and dietary supplement company, had retained FSI to manufacture a powder form drink, which was supposed to be soluble in liquid.  However, according to the Complaint, the product was defective because the powder clumped together, turned hard, fused together, and became insoluble.  The Complaint therefore asserted claims for breach of express warranty (Count I), breach of implied warranty for fitness for particular purpose (Count II), and breach of implied warranty of merchantability (Count III).  FSI filed a Counterclaim [DE 38] for breach of contract, alleging that Bodywell failed to pay certain money owed under the manufacturing agreement.  Finally, Bodywell filed an Amended Complaint [DE 50] to add an additional claim for negligent shipping/transport of the product by FSI's subcontractors (Count IV).

During the relevant period, FSI had a commercial general liability policy with James River, with a $5 million policy limit.  James River refused to defend FSI against Bodywell's claims, denied coverage, and failed to respond when FSI forwarded Bodywell's settlement offer to James River.

Ultimately, on March 4, 2011, Bodywell and FSI entered into a settlement agreement in which they agreed that (1) they would file a stipulation of settlement and joint motion for entry of final judgment requesting that the Court enter a final judgment in Bodywell's favor only on Count IV in the amount of $10,450,000; (2) Bodywell would dismiss with prejudice its remaining claims against FSI, and FSI would dismiss its counterclaim; and (3) FSI would assign its right to pursue its claim under the James

River policy to Bodywell.  The settlement agreement contemplated that, if by 5:00 p.m. on March 8, 2011, James River either accepted FSI's defense and agreed to provide coverage or agreed to pay Bodywell the $5 million policy limit, then the settlement agreement would be null and void and of no legal effect.  When FSI brought this information to James River's attention, James River offered to provide FSI with a defense but reserved its right to dispute coverage.  As FSI informed James River, such an offer was insufficient to invalidate the settlement agreement.  Accordingly, the settlement agreement was binding and final.  On March 14, 2011, Bodywell and FSI filed their Settlement Agreement [DE 54] under seal, and on March 17, 2011, they filed their Stipulation of Settlement [DE 56] and Joint Motion for Entry of Final Judgment [DE 57.  On March 18, 2011, the Court entered a Final Judgment [DE 59] in accordance with the parties' filings.

Meanwhile, on March 15, 2011, James River had filed a Complaint for Declaratory Relief against FSI and Bodywell.  See Complaint [DE 1] in James River Insurance Company v. Fortress Systems, LLC & Bodywell Nutrition, LLC, Case No. 11-cv-60558-Cohn/Seltzer ("Declaratory Action").  Back in this action, on April 19, 2011, Bodywell filed its Motion for Proceedings Supplementary and to Implead James River [DE 62] and its Motion for Entry of Rule Nisi to Establish Liability of James River [DE 64].  James River then intervened in this action for the limited purpose of moving to strike the pending motions.  On September 19, 2011, James River filed its Motion to Strike Bodywell's Insurance-Related Motions [DE 76].

## II. DISCUSSION

The sole matter in Judge Seltzer's Report is whether the insurance coverage dispute should be decided in proceedings supplementary in this action or in the separate Declaratory Action.  The parties agree that the issues in the two proceedings are identical.

After a thorough analysis of the pending motions, related filings, and applicable law and facts, Judge Seltzer recommended that the undersigned grant James River's Motion to Strike Bodywell's Insurance-Related Motions [DE 76], strike Bodywell's Motion for Proceedings Supplementary and to Implead James River [DE 62] and Motion for Entry of Rule Nisi to Establish Liability of James River [DE 64], and decide the insurance coverage dispute in the Declaratory Action.  In making his recommendation, Judge Seltzer emphasized "the paucity of cases considering the insurance coverage in proceedings supplementary" and the fact "that the insurance coverage issue was first raised in the Declaratory Judgment Action."  Report at 11.

Bodywell has filed five objections to the Report.  First, Bodywell argues that Florida case law entitles a party to proceedings supplementary when that party satisfies the statutory prerequisites.  However, as Judge Seltzer noted, this is not the typical case in which supplementary proceedings are invoked.  See Report. at 7.  The typical case is one in which "the judgment creditor seeks to implead a third party to whom the judgment debtor has (allegedly) transferred its assets or to implead a third party who (allegedly) is the alter ego of the judgment debtor."  Id.  In its Objections and its Reply, Bodywell still fails to cite any case in which proceedings supplementary were instituted against an insurance company when a declaratory judgment action regarding identical

4

issues was already pending.  As Judge Seltzer noted, and as James River emphasizes in its briefing, granting Bodywell's motions would transform coverage litigation in Florida.  Id. at 10.

> To be sure, declaratory judgment actions regarding coverage would be rendered meaningless because the very moment a final judgment is entered in an underlying case, the underlying plaintiff will inevitably move to implead the defendant's insurer and file a rule nisi to have coverage determined in that action. In effect, the pending coverage action would be abruptly dissolved, which is exactly what Bodywell advocates here. Not only does this outcome violate basis notions of fairness, it is directly contrary to well-established precedent that an insurer acts in good faith by expeditiously filing a declaratory judgment action to resolve coverage disputes.

Id. at 10-11 (quoting James River's Reply in Support of Motion to Strike [DE 78] at 2).

Second, Bodywell asserts that Florida Statute § 56.29 and the Federal Rules require that James River be afforded its full due process rights during the supplementary proceedings.  Bodywell makes this argument in response to Judge Seltzer's concern that James River's discovery and procedural rights might be compromised if James River were forced to continue in a supplementary proceeding as opposed to the Declaratory Action.  Bodywell concedes that "no case on point provides for James River's right to all discovery tools, including Rule 26 specifically," Obj. at 4, but contends that the proceedings supplementary statute and Federal Rules provide sufficiently broad powers for the Court to ensure that James River will enjoy full procedural rights.  Yet, as Judge Seltzer noted in his Report, "the parties have not cited (and the undersigned's own research has not found) any authority expressly ruling that the Federal Rules of Civil Procedure apply as a matter of right in proceedings supplementary."  Reply at 10.  Yet, "[t]he full panoply of tools (including Rule 26 initial disclosures), however, are without question applicable in the pending Declaratory

5

Judgment Action." Id.

Third, Bodywell asserts that although the Report expresses concern for James River's substantive and procedural due process rights, the Report neglects to express the same level of concern for Bodywell's rights.  However, Bodywell will be afforded all necessary procedural and substantive due process rights in the Declaratory Action as well.  As Judge Seltzer noted, "Bodywell has failed to identify any compelling reason for trying the insurance coverage issue in post-judgment proceedings supplementary rather than in the pending Declaratory Judgment Action."  Report at 9.  And when a party objects to jurisdiction in the first-filed forum, that party bears the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule.  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

Although, in its fourth objection, Bodywell disputes Judge Seltzer's finding that James River presented the issue of insurance coverage first, the undersigned agrees with Judge Seltzer that the Declaratory Action was the first-filed action.  Bodywell suggests that it should receive the benefit of any first-filed rule because it filed the above-captioned action seven months before James River filed its Declaratory Action.  However, the instant action did not present the insurance-related claims until after judgment was entered and the case was closed.  Importantly, James River presented the coverage issues in filing its Declaratory Action on March 15, 2011, and Bodywell did not raise the coverage issues until it filed the Motion for Proceedings Supplementary and Motion for Entry of Rule Nisi on April 19, 2011.  As Judge Seltzer noted, "the sole issue now before the Court – insurance coverage – was first raised by James River in the Declaratory Judgment Action."  Report at 9.  Judge Seltzer therefore concluded

"that the Declaratory Action should be deemed the first-filed action."  Id.  Bodywell also argues that the Declaratory Action should not be afforded first-filed status because James River only filed its Declaratory Action to win a "race to the courthouse."  The undersigned disagrees.  James River filed its Declaratory Action to receive a ruling on its rights and liabilities under the insurance policy issued to FSI.  See Complaint in Declaratory Judgment Action.

Finally, Bodywell suggests that, as an alternative to dismissal, the Court could stay or abate Bodywell's motions pending the adjudication of James River's liability in the Declaratory Action.  James River responds that such a stay serves no practical purpose.  The Court agrees.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Bodywell Nutrition, LLC's Objections [DE 80] are **OVERRULED**;

2. The Report and Recommendation [DE 79] filed by United States Magistrate Judge Barry S. Seltzer is **ADOPTED**;

3. James River Insurance Company's Motion to Strike Bodywell's Insurance-Related Motions [DE 76] is **GRANTED**;

4. Bodywell Nutrition, LLC's Motion for Proceedings Supplementary and to Implead James River [DE 62] is **STRICKEN**;

5. Bodywell Nutrition, LLC's Motion for Entry of Rule Nisi to Establish Liability of James River [DE 64] is **STRICKEN**;

6.  The Court will enter a separate Order Setting Calendar Call and Trial Date in <u>James River Insurance Company v. Fortress Systems, LLC & Bodywell Nutrition, LLC</u>, Case No. 11-cv-60558-Cohn/Seltzer.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of February, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF